Scott R. Kaufman, SBN 190129
KAUFMAN LAW OFFICES
140 Third Street
Los Altos, CA 94022
Tel.: (408) 727-8882
Fax: (408) 727-8883
LemonAtty@Gmail.com

Attorneys for Plaintiffs, Jody Avery and Charles Avery

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION, AT RIVERSIDE

| | |
|---|---|
| Jody Avery and Charles Avery, individuals, Plaintiffs<br><br>vs.<br><br>Pacific Coachworks, Inc., a corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 5:17-cv-00151<br><br>**COMPLAINT FOR BREACH OF WARRANTIES, MAGNUSON MOSS; UDAP VIOLATIONS**<br><br>**Demand for Jury Trial** |

## PRELIMINARY STATEMENT

This case involves claims asserted under the California and/or alternatively the Washington Uniform Commercial Code, the Magnuson Moss Warranty Act, and the California Unfair Competition Law and/or the California Consumer Legal Remedies Act, and/or alternatively the Washington Consumer Protection Act.

Jurisdiction exists with this court because the defendant is located here and a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or alternatively the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

## IDENTIFICATION OF PARTIES

Jody Avery and Charles Avery[1] are natural persons residing in Washington and are consumers and buyers within the meaning of applicable laws.

Defendant Pacific Coachworks, Inc., ("PCI") is a corporation authorized to do business and doing business in California and elsewhere and is a warrantor and/or distributor of a recreational vehicle that Plaintiffs purchased.

The true names, capacities and nature and extent of participation in the alleged activities complained of herein by DOES 1-10, inclusive, are currently unknown to Plaintiffs. Therefore, Plaintiffs sues these defendants by such fictitious names and will amend the Complaint to allege their true names and capacities when ascertained.

Each of the defendants, whether actually named or fictitiously named, was the agent of the other defendants, whether actually named or fictitiously named, and was at all times acting within the purpose and scope of such agency.

Plaintiffs, Jody Avery and Charles Avery (hereafter "Plaintiffs" or "Avery"), by and through their attorney(s), hereby allege the following upon information and belief:

## FIRST CLAIM: BREACH OF WARRANTY

Against All Defendants

1. This case involves a defective 2015 Pacific Coachworks F305 recreational vehicle that Pacific Coachworks, Inc. warranted but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty PCI breached.
2. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.
3. This claim is for breach of warranties given to the Averys by PCI.
4. As a result of the above, and the allegations below, *inter alia*, PCI breached its warranty to the injury of the Averys and that was abusive and/or unfair and/or deceptive and/or unconscionable to the Averys.
5. At all times relevant, The Averys were each a consumer.

[1] Hereinafter referred to as "The Averys"

6. At all times relevant, Paul Evert's RV Country was a supplier and merchant and an authorized representative of PCI.

7. At all times relevant, PCI was a supplier, distributor and warrantor of the subject RV.

8. On or about July 25, 2015 the parties entered into a consumer transaction, in that the Averys agreed to acquire from the Dealer and the Dealer agreed to sell to the Averys the subject RV. As part of the transaction the Dealer agreed to arrange, and did so arrange, for Washington State Employee Credit Union to extend credit to the Averys and to finance the transaction, and PCI agreed to warrant the vehicle to be free from defects and malfunctions, the goods being a certain 2015 Pacific Coachworks F305 recreational vehicle believed to bear VIN # 5UYDS 3826FR 017 788.

9. The Averys acquired the vehicle in reliance on the advertising, representations and/or warranties from PCI which were applicable to them and the subject RV.

10. After acquiring the vehicle, the Averys discovered that it did not conform to the representations of PCI inasmuch as it developed continuing malfunctions, defects and problems and that was abusive and/or unfair and/or deceptive and/or unconscionable them.

11. The defects in the RV include, but are not limited to, room slide out system, battery, power cord, rear landing jack-stabilizer system, awning system, bed main control system, front control panel, water leaks, black tank system, generator, compartment storage doors, battery system, air conditioning system, fiberglass siding, propane system, cracked wheel flairs, bedroom slide water leaks, entry molding strip, drawer rails, door, garage, front door, gutter rails, counter top, shower pan, among other things.

12. Because of the warranty-covered defects, the Averys notified PCI and/or one or more of its authorized warranty repair agents/dealers of the numerous defects and on various dates delivered the motor coach into the possession of PCI and/or one of its authorized servicing dealers at their cost and/or expense beginning about one month after the sale.

13. After being in the repair shop repeatedly since the purchase, accumulating about two dozen defects in the first year of ownership, the Averys notified PCI that they wanted their money back but PCI refused to comply with the request.

14. After being in repair shops for approximately 171 days total, the Averys communicated their written notice directly with PCI about its abusive and/or unfair and/or deceptive and/or unconscionable failure to live up to its warranty.

15. Instead of performing as represented, PCI did not repair all defects in the vehicle once and for all time.

16. As a result PCI breached its express and/or implied warranties again and committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts and/or practices which are uncured.

17. As a result, PCI's warranty failed of its essential purpose and any limitations contained within the warranty are null and void by operation of law, and the Averys are entitled to all applicable legal and equitable remedies in law.

18. In addition, any limitations contained within the warranty are null and void by operation of law and without consideration and the Averys are entitled to all applicable legal and equitable remedies in law.

19. Through its advertising and otherwise, PCI represented that the recreational vehicles it builds are fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and the Averys acquired the vehicle in reliance upon the belief that PC I possessed a high degree of manufacturing skill and judgment.

20. Through its advertising and otherwise, PCI represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and the Averys relied on such. The vehicle involved in this case was not, however, of merchantable quality and that was abusive and/or unfair and/or deceptive and/or unconscionable to the Averys.

21. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to the Averys and that was abusive and/or unfair and/or deceptive and/or unconscionable to the Averys.

22. PCI's failure to timely fix all of the vehicle's defects has caused the Averys to lose confidence in the reliability of the subject motor vehicle and in the ability of PCI to repair the vehicle's defects and that was abusive and/or unfair and/or deceptive and/or unconscionable to the Averys.

23. The Averys provided PCI and/or one or more of its authorized warranty repair agents with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

24. As a result of the above facts, PCI breached its warranties and representations with respect to the vehicle.

25. One or more of the defects and malfunctions in the vehicle were covered under the terms of Pacific Coachworks, Inc.'s warranties, and Pacific Coachworks, Inc. failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was abusive and/or unfair and/or deceptive and/or unconscionable to the Averys.

26. PCI and/or one or more of its authorized warranty repair agents had notices of the breaches of the warranty and the defective condition of the subject motor vehicle within a reasonable time.

27. The Averys suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of PCI's authorized representatives to repair or replace the vehicle or refund its price, including but not limited to vehicle insurance, loan payments, licensing and taxes which continue to increase, and that was abusive and/or unfair and/or deceptive and/or unconscionable to the Averys.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT
**Against All Defendants**

28. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

29. This claim is for breach of express and/or implied warranties and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq. by PCI.

30. The subject RV is a consumer product that PCI gave a written warranty on to the Averys and which it breached.

31. As a result of the above, among other things, PCI has breached its express and/or implied warranties without legal excuse and/or otherwise failed to comply with its obligations under the Warranty Act, and that was abusive and/or unfair and/or deceptive and/or unconscionable to the Averys.

32. As a result of the above, *inter alia*, PCI is in violation of the Warranty Act.

## THIRD CLAIM: UDAP LAW(S)
**Against All Defendants**

33. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

34. This claim is for violation of applicable state UDAP laws, being the California Unfair Competition Law and/or the California Consumer Legal Remedies Act, and/or alternatively the Washington Consumer Protection Act, by PCI.

35. As a result of the above, among other things, one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices were committed by PCI and remain uncured, including but not limited to:

a. Representing that the subject of a consumer transaction has performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have;

b. Representing that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knows or should reasonably know that it is not;

c. Representing that the transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false;

d. Representing that the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not;

e. Breach of Express and/or Implied Warranties;

f. Violation of the Magnuson Moss Warranty Act;

g. Violation of other consumer protection statute(s);

h. Failing to remedy defects in a warranted vehicle within a reasonable number of attempts;

i. Failing to remedy defects in a warranted vehicle within a reasonable amount of time;

j. Failing to honor a request to take the vehicle back and/or rescind and/or cancel the sales and warranty transaction;

k. Failing to honor a request to take the vehicle back and rescind and/or cancel the sales and warranty transaction within a reasonable amount of time;

l. Including one or more unconscionable and/or unreasonable terms in the written warranty document(s);

m. Stalling and/or delaying the performance of a legal obligation;

o. Representing that defects have been repaired when in fact they were not;

p. Representing the supplier is able to deliver or complete the subject of a consumer transaction within a stated period of time when the supplier knows or reasonably should know the supplier could not;

q. Soliciting a person to enter into a contract or agreement that contains terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement;

r. Refusing to recognize the rights of buyers under the Uniform Commercial Code when the only remedy afforded by its limited warranty failed of its purpose.

36. The Averys sent a demand letter to PCI more than 30 days prior to filing of this action, demanding appropriate rectification under the CLRA. PCI received this demand and simply failed to respond, essentially refusing to perform any rectification at all and waiving any right it may have to do so and/or use "appropriate rectification" as a defense herein.

37. As a result of the above, *inter alia*, PCI committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices in violation of applicable state UDAP law(s), before, during or after a consumer transaction between one or both Plaintiffs and a supplier in relation to the 2015 Pacific Coachworks F305.

**WHEREFORE**, judgment is demanded against Pacific Coachworks, Inc. as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

**PRAYER FOR RELIEF:**

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;
2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;
3. On the third claim, damages and/or statutory damages, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

**ALTERNATIVE PRAYER FOR RELIEF:**

1. Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence, rescission of the contract plus damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

2. Plus on each and every claim, expenses of suit and litigation, interest from the date of the sales contract, and an Order finding the Averys to have rescinded the transaction and/or to have revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

3. Plaintiffs also pray for the aggregate amount of costs and expenses, which includes expert witnesses fees, if applicable, and reasonable attorney's fees pursuant to statute;

4. Plaintiffs pray for prejudgment interest at the legal rate;

5. Plaintiffs pray for such other and further relief as this Court deems just and proper.

6. Lastly, Plaintiffs demand trial by jury on all claims and issues.

Dated: January 24, 2017

Respectfully submitted,

KAUFMAN LAW OFFICES

Scott Kaufman

By: Scott Kaufman, Attorney for The Averys

/s/Scott Kaufman
SCOTT KAUFMAN (190129)
Attorney for Plaintiffs
KAUFMAN LAW OFFICES
CALIFORNIA LEMON LAWYERS
140 Third Street
Los Altos, CA 94022
Telephone 408.727.8882
Fax 408.727.8883
LemonAtty@gmail.com

/s/Ronald L. Burdge
RONALD L. BURDGE (Pro Hoc Vice)
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone: 937.432.9500
Fax: 937.432.9503
Email: Ron@RVLemonLaw.com